```
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF FLORIDA

                                        CASE NO. 09-21390-CIV-GOLD
                                        MAGISTRATE JUDGE P. A. WHITE

JEFFREY H. DANIEL,              :

        Plaintiff,               :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
OFFICER HUMPHREY, ET AL.,        :

        Defendants.              :
_____
```

### I. Introduction

The plaintiff Jeffrey H. Daniel, an Ohio inmate, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that transpired in Miami-Dade County from October, 2003 to June, 2004. [DE# 1]. The plaintiff is proceeding in forma pauperis. [DE# 6].

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

### II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    \*   \*   \*
>
>    (B) the action or appeal –
>
>    \*   \*   \*
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

3

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff raises claims arising out of his October 17, 2003 arrest and subsequent detention. The plaintiff alleges that Miami Beach Police Officer Humphrey and other unidentified officers engaged in false arrest and failed to read him his Miranda rights. The plaintiff does not explain why there was no probable cause for the arrest; and he does not provide any details about why he was arrested or the disposition of any charges, except to state that he was released from custody sometime before June, 2004 when any charges were apparently dropped.[2] The plaintiff also alleges that Officer Santana engaged in excessive force the next day while he was in custody and then refused him medical attention. In addition, the plaintiff seeks to sue Miami-Dade County, alleging that he spent 52 days in custody after the criminal case was dismissed

To the extent that any defendant may have violated the plaintiff's Fourth Amendment rights by engaging in false arrest or excessive force, and violated his constitutional rights by detaining him after the charges were dropped, such claims are barred by the applicable statute of limitations. Further, the plaintiff cannot raise a violation of Miranda in a federal civil rights suit. In the Eleventh Circuit the failure "to follow

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

[2] The plaintiff states that he received an apology letter from Dade County Jail in June, 2004, after he had been released. It is not clear whether he "went home" in June, 2004 or he received the letter in June, 2004. Nevertheless, it is clear that he was released as late as June, 2004.

4

Miranda procedures triggers the prophylactic protection of the exclusion of the evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under §1983 is created." Jones v. Cannon, 174 F.3d 1271, 1291 (11 Cir. 1999).

A district court may sua sponte dismiss a pro se civil rights action for failure to state a claim pursuant to 28 U.S.C. §1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations. See Pino v. Ryan, 49 F.3d 51 (2 Cir. 1995). The plaintiff had four years from June, 2004 to file a civil action alleging a violation of his constitutional rights premised on illegal arrest, use of force or prolonged detention. He missed the deadline by filing his Complaint with the Clerk of Court in May, 2009, almost one year after the limitations period expired.

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law. The Court further held that these cases are best characterized as personal injury actions. Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided Owens v. Okure, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts

5

considering §1983 claims should borrow the State's general or residual personal injury statute of limitations. In Florida, this is Fla.Stat. §95.11(3)(p), four years for actions not specifically provided for. The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. Hardin v. Straub, 490 U.S. 536 (1989). Florida has a general tolling statute, Fla.Stat. §95.051, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years. The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. McMillen v. Hamilton, 48 So.2d 162 (Fla. 1950); Fla.R.Civ.P. 1.090(a). Because the alleged unconstitutional conduct occurred at the latest in June, 2004, his last day to file a civil action was June, 2008. The complaint in this case was filed in May, 2009, well beyond the expiration of the four year period of limitations.

The Undersigned notes that the United States Supreme Court has specifically held that a §1983 claim for false arrest, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 127 S.Ct. 1091 (2007). In addition, "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful §1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11 Cir. 2003) (citations and quotations omitted). Because of doctrines like independent source and inevitable

discovery, and especially harmless error, such a §1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. See Wallace v. Smith, 145 Fed.Appx. 300, 301-302 (11 Cir. 2005); see also Vickers v. Donahue, 137 Fed. Appx. 285 (11 Cir. 2005). Consequently, an aggrieved plaintiff must bring a federal civil rights suit challenging the legality of a search or an arrest within four years of the search or arrest; he cannot wait until the conviction is declared invalid.[3]

### III.   Conclusion

It is therefore recommended that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that this case be closed, as the instant action was filed well beyond the applicable four year statute of limitations.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 4th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3]   Even if the statute of limitation began to run when the charges were apparently dropped and the plaintiff was released in June, 2004, this Complaint would still be untimely.

cc:   Jeffrey H. Daniel, <u>Pro Se</u>
      No. 553-0549
      Marion Correctional Institution
      P.O. Box 57
      Marion, OH 43301-0057